IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Justin Raymond Nekeferoff*
Case No. 3:15-cr-00071-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on *pro se* Defendant Justin Raymond Nekeferoff's "Motion for Evidentiary Hearing" and the Government's Motion to Continue Trial.[1] For the following reasons, Nekeferoff's Motion is **DENIED** and the Motion to Continue Trial is **GRANTED**

Following conviction by a jury on the charges of Attempted Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2422(b) (Count 1), and Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2422(a)(4)(B) and (b)(2) (Count 3),[2] the Court sentenced Nekeferoff to a 600-month term of imprisonment.[3] Nekeferoff appealed his conviction, and the Ninth Circuit Court of Appeals reversed and remanded for a new trial.[4]

    A. *Motion for Evidentiary Hearing*

On June 23, 2021, Nekeferoff filed a one-page Motion for Evidentiary Hearing in which he argues that "the evidence in the instant case is insufficient to support a conviction under Count 1 of the Superseding Indictment."[5] Nekeferoff states that certain facts—specifically phone calls and text messages between Nekeferoff and Agent Goeden posing as underage children—demonstrate his actual innocence.[6] Nekeferoff argues that a "[c]lose inspection of all evidence in this case will show that that minor never assented to sexual activity between herself and Defendant Nekeferoff."[7] Further, Nekeferoff argues that "[t]ravel as a substantial step to committing [a violation of 18

---

[1] Dkts. 244 (Notice of Lodging Pro Se Motion); 244-1 (Motion re Evidentiary Hearing); 245 (Motion to Continue). Following an assertion by Nekeferoff of his right to self-representation, the Court appointed Nekeferoff standby or "advisory" counsel. Dkt. 230 (Minute Entry); *see also* D. Alaska L. Crim. R. 44.2(a)(2) ("In an appropriate case, the court may designate counsel to advise and assist a defendant who elects to proceed without counsel to the extent the defendant might thereafter desire.")
[2] Dkts. 72 (Superseding Indictment); 151 (Verdict Form); 220 (Trial Tr.).
[3] Dkts. 179 (Judgment); 221 (Imposition of Sentence Tr.).
[4] Dkt. 225 (9CCA Mem. Op., Case No. 19-90015).
[5] Dkt. 244-1 at 1 (capitalization normalized).
[6] *Id.*
[7] *Id.* (capitalization normalized).

1

U.S.C. § 2422] is insufficient as travel is not [necessary] for a violation of the statute to occur" and that "Nekeferoff could not have" violated 18 U.S.C. § 2422.[8]

The Government opposes Nekeferoff's Motion, pointing out that although the Motion is captioned as a request for an evidentiary hearing it appears to be a motion to dismiss for lack of evidence Count 1, which charges a violation of 18 U.S.C. § 2422(b).[9] The Government notes that the Ninth Circuit already found that the evidence against Nekeferoff was sufficient to support not only an indictment, but a conviction.[10] The Government argues Nekeferoff's Motion is barred by the "law of the case" doctrine, which ordinarily precludes a court from reexamining an issue previously decided by the same court or a higher court in the same case.[11] The Government argues Nekeferoff's Motion "would also fail even if the Ninth Circuit had not already addressed his arguments[.]"[12] The Government points out that conviction under 18 U.S.C. § 2422(b) does not require the Government to prove "actual assent of a real minor," or travel, or actual sexual contact.[13] Instead, "the facts need only show that the defendant, using the internet, took substantial steps with the intent of persuading, enticing, or coercing a minor to engage in unlawful sex acts, which can include asking an adult intermediary to persuade, entice, or coerce a child to have sex with the defendant."[14] The Government argues the facts of this case are sufficient to establish the elements and no evidentiary hearing is needed to resolve Nekeferoff's motion.[15]

On July 28, 2021, the Court held a hearing and heard argument on both the present Motion and the Government's Motion to Continue Trial.[16] After consideration of the Parties' respective arguments, the Court **DENIES** Nekeferoff's Motion for an Evidentiary Hearing.

On appeal, the Ninth Circuit concluded that the Government presented sufficient evidence to support Nekeferoff's conviction under 18 U.S.C. § 2422(b).[17] Thus, the law of the case bars relitigating the issues raised by Nekeferoff in the present Motion. Further, as the Government correctly points out, "[t]he evidence and legal theories the Government intends to present at trial are comprehensively detailed in the trial transcripts in this case" and "[t]he only questions raised by [Nekeferoff's] [M]otion relate to the legal sufficiency of that evidence, so there is no factual dispute for the Court to resolve" and an evidentiary hearing is unnecessary.[18]

Accordingly, Nekeferoff's Motion at Docket 244-1 is **DENIED**.

---

[8] *Id.* (capitalization normalized).
[9] Dkt. 246 (Opposition).
[10] *Id.* at 2 (citing *United States v. Nekeferoff*, 843 F. App'x 876, 879 (Feb. 3, 2021)).
[11] *Id.* at 3.
[12] *Id.* at 4–5.
[13] *Id.* at 5.
[14] *Id.* at 5–6.
[15] *Id.* at 6.
[16] Dkts. 252, 254 (Minute Entries); 244; 245 (Motion to Continue Trial).
[17] *Nekeferoff*, 843 F. App'x at 879.
[18] *See* Dkt. 246 at 6.

B. Motion to Continue Trial

The Court previously set a new trial date of August 16, 2021.[19] On June 25, 2021, the Government filed a Motion to Continue Trial until October 4 or October 12, 2021.[20] The Government notes that the Court already found the case is complex pursuant to 18 U.S.C. § 3161 (h)(7)(B)(iv) and argues the "interests of justice and the need for additional time for both sides to diligently prepare for trial[] also justify the continuance[.]"[21] Additionally, the Government asserts that a continuance is also justified under 18 U.S.C. § 3161(d)(1) because the case was recently remanded following appeal.[22] Further, the Government notes Mr. Nekeferoff intends to file pretrial motions, which will require response and resolution.[23]

Although Nekeferoff initially indicated his opposition to a continuance,[24] at the July 28, 2021 hearing he agreed that a continuance was necessary to allow him to file additional pretrial motions and to allow his standby counsel to review the voluminous discovery.[25] After hearing from the Parties, the Court orally granted the Government's Motion and reset trial in this matter.[26] The Court now memorializes its finding as follows.

This case was previously declared complex.[27] Due to the complexity of the case, involving over 4,000 pages of documents and 200 court filings, the Court finds excludable delay under 18 U.S.C. § 3161 (h)(7)(A). The ends of justice will be served by granting this continuance and outweigh the best interest of the public and the defendant in a speedy trial. The Court further finds excludable delay under 18 U.S.C. § 3161 (h)(7)(B)(i) and (ii). Failure to continue the trial would stop further proceedings or result in miscarriage of justice and the case is unusual or complex as previously discussed by the Court. Accordingly, the Court **GRANTS** the Government's Motion to Continue Trial and **RESETS** the trial date to October 4, 2021.

C. Conclusion

For the foregoing reasons, Nekeferoff's Motion for Evidentiary Hearing at Docket 244-1 is **DENIED** and the Government's Motion to Continue at Docket 245 is **GRANTED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 2, 2021.

---

[19] Dkt. 243 (Minute Entry).
[20] Dkt. 245 at 1.
[21] *Id.* at 1–2, 9–11.
[22] *Id.* at 2, 7.
[23] *See id.* at 2, 8–9.
[24] *See id.* at 1.
[25] *See* Dkt. 254.
[26] *Id.*
[27] Dkt. 243.